UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAMEIAN BEECH**                                                                 **PLAINTIFF**

**versus**                                                 **Civil Action # _____**

**NOBLE SERVICES INTERNATIONAL
LIMITED**                                                                           **DEFENDANT**

---

ACTION UNDER THE SPECIAL RULE FOR LONGSHOREMEN
& HARBOR WORKERS AND/OR SEAMEN TO SUE WITHOUT
SECURITY OR PREPAYMENT OF FEES FOR ENFORCEMENT
OF THE LAWS OF THE UNITED STATES, COMMON AND STATUTORY,
FOR THE PROTECTION OF THE HEALTH AND SAFETY OF SEAMEN AT SEA

---

COMES NOW **DAMEIAN BEECH**, a person of the full age of majority who is domiciled in Grand Bay, Alabama, and respectfully represents:

I.

**Defendant, NOBLE SERVICES INTERNATIONAL LIMITED (hereinafter referred to as NOBLE)** can be served at its place of business located at 13135 South Dairy Ashford, Suite 800, Sugar Land, Texas 77478.

II.

This is an admiralty and maritime claim pursuant to Fed. R. Civ. P 9(h).  *In Personam* Jurisdiction of this matter is based on the Jones Act and General Maritime Law and also conferred by 28 U.S.C. §1333(1) and 46 U.S.C. §30104 (formerly 46 U.S.C. Appx. § 688); venue of this action is pursuant to 28 U.S.C. 1391 (b) and (c).   This action is filed without the prepayment of costs pursuant to 28 U.S.C. 1916.

III.

**FIRST CAUSE OF ACTION - JONES ACT**

On or about December 8, 2013, Plaintiff, DAMEIAN BEECH, was working as a Subsea Engineer aboard the THE NOBLE DAVE BEARD, owned and/or operated by Defendant, NOBLE, operating in the waters of Brazil.

IV.

At all times pertinent herein, the Plaintiff was a member of the crew permanently assigned to a vessel, and a seaman within the meaning of the Jones Act and maritime law, aboard a navigable vessel located in and operated upon the navigable waters of the Brazil, which was the vessel referenced above and owned and/or operated by Defendant NOBLE.   At all times pertinent herein, the Plaintiff was assigned to the stated vessel in such a manner as to contribute to the overall intended purpose of that RIG, and his connection to that vessel was substantial in both duration and nature.

V.

On or about December 8, 2013, Plaintiff DAMEIAN BEECH was working on the THE NOBLE DAVE BEARD as a Subsea Engineer aboard the drilling rig.   THE NOBLE DAVE BEARD was a semi-submersible drilling rig operating along the waters of Brazil.   Plaintiff DAMEIAN BEECH was in a man riding belt standing on a tension ring, tightening hoses.   The vessel was being tossed up and down in high seas.   The winch operator, also an employee of Defendant NOBLE wasn't paying attention, and when a big swell came in, he did not compensate for the swell causing the slack cable to hook around Plaintiff, jerking the Plaintiff backwards and then as the rig heaved he was pulled up against the socket of the riser tensioner cable causing the impact dislocation.

VI.

The above-described accident was caused by the negligence of Defendant NOBLE its agents, servants, employees, or others for whom they are legally responsible, in the following, though not exclusive, respects:

a.  In failing to provide Plaintiff a competent crew aboard THE NOBLE DAVE BEARD*;*

b.  Failing to provide Plaintiff with a safe place to work;

c.  Failing to provide Plaintiff with a vessel equipped with proper engines, safety equipment, gear and other appurtenances;

d.  Alternatively, in failing to properly supervise, manage and train the crew for the work activities assigned and the obvious dangers associated aboard the vessel;

e.  Vicarious liability in the negligence of the winch operator;

f.  And other acts of negligence that will be shown at trial of this matter.

The aforementioned negligence of the Defendant NOBLE proximately caused the Plaintiff's injuries and damages and said Defendant and its insurers are liable unto the Plaintiff, DAMEIAN BEECH, for their negligence under the Jones Act, 46 U.S.C. §30104 (formerly 46 U.S.C. Appx. § 688), et seq.

VII.

**SECOND CAUSE OF ACTION**

**GENERAL MARITIME LAW AND/OR UNSEAWORTHINESS**

Plaintiff re-alleges Paragraph I through VI.

And now, Plaintiff, DAMEIAN BEECH, alleges a second cause of action based on General Maritime Law and/or Unseaworthiness and reiterates all of the allegations contained in the foregoing paragraphs.

VIII.

The Defendant NOBLE shows that at the time and place of the occurrence of the accident, Plaintiff was working aboard a vessel in navigation and performing the type of work traditionally performed by seamen and, therefore, was owed the warranty of seaworthiness by the vessel owned by Defendant NOBLE.  At all times pertinent to the subject accident, Plaintiff DAMEIAN BEECH was a Jones Act Seaman, working in the service of the vessel and contributing to its service.

IX.

Under the general maritime law, it was the duty of the Defendant Employer, NOBLE, to furnish its employees with a safe place to work, with safe gear and appurtenances, equipment, and with an adequate crew and a seaworthy vessel.

X.

At all times pertinent, the vessel did not have the proper safety devices and or equipment to perform the work the Plaintiff was attempting to do when the was injured and the crew was not properly trained to keep and maintain a safe vessel free from danger, and the crew was not properly trained, the vessel was undermanned, and as a result, Plaintiff DAMEIAN BEECH suffered injury.

XI.

Plaintiff, DAMEIAN BEECH, avers that the failure of Defendant NOBLE to provide Plaintiff with a safe place to work with reasonable working conditions, and with an adequate and competent crew and equipment, constitutes negligence under general maritime law and/or renders the barge unseaworthy.  The unseaworthiness was a proximate cause of Plaintiff's accident resulting in his injuries, illness and disability, and Defendant NOBLE and their insurers are liable unto the Plaintiff, DAMEIAN BEECH, for their general maritime negligence and the unseaworthy

condition of the vessel on which Plaintiff was working.

XII.

Because of the injuries sustained by Plaintiff, DAMEIAN BEECH, he was temporarily disabled, had a permanent impairment, has suffered grievous physical and mental pain and anguish, loss of bodily function and embarrassment, lost wages, lost wage earning capacity, loss of enjoyment of life, loss of future and past medical expenses for which he is entitled to recover from the Defendant NOBLE in an amount reasonable given the circumstances as stated herein.

**JURY DEMAND**

That pursuant to the provisions of the provisions of the aforesaid 46 U.S.C. 688 et seq., more commonly known as the Jones Act, and pursuant to principles of general maritime law and/or Defendant's breach of the duty to provide Plaintiff with a seaworthy vessel on which to perform his work duties, Plaintiff is entitled to and demands a trial by jury on all issues related herein.

WHEREFORE, Plaintiff, DAMEIAN BEECH., demands judgment against the Defendant NOBLE in an amount reasonable under the aforementioned circumstances and beyond the jurisdiction minimum amounts for this Court, including compensatory damages, consequential damages, punitive damages, and all monetary damages to which he is entitled, together with legal interest from date of injury and/or date of judicial demand until paid, and all costs and disbursements of this action, including expert's fees.

Plaintiff, DAMEIAN BEECH, further prays for all general, legal, equitable, and maritime relief available to him under the laws of the United States, and for a civil trial by jury.

RESPECTFULLY SUBMITTED this the __23rd__ Day of November, 2016,

        **PLAINTIFF,** DAMEIAN BEECH
        By: LoCoco & LoCoco, PLLC


        *s/Joseph A. LoCoco*
        JOSEPH A. LoCOCO, Bar No. 17305
        VIRGINIA L. LoCOCO, Bar No. 18307
        **LoCoco and LoCoco, Pllc**
        **Post Office Box 6014**
        **10243 Central Avenue**
        **D'Iberville, MS   39540**
        **Tel. (228) 392-3799**
        **Fax (228) 392-3890**
        joseph.lococo@lococolaw.com
        virginia.lococo@lococolaw.com
        brandi.gatewood@lococolaw.com